1 **BARRITT SMITH LLP**
Douglas A. Barritt, Bar No. 150955
2 dbarritt@barrittsmith.com
Paul B. Miner, Bar No. 245970
3 pminer@barrittsmith.com
3 Corporate Park, Suite 150
4 Irvine, California 92606
Phone:      (949) 553-0700
5 Fax:   (949) 553-0715

6 Attorneys for Defendant
WESTERN DENTAL SERVICES, INC.
7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

11 CARMEN TYGARD,    CASE NO.: 8:14-cv-1110-DOC (RNBx)

12        Plaintiff,    [PROPOSED] STIPULATED PROTECTIVE ORDER

13    vs.

14 WESTERN DENTAL SERVICES, INC.,
a Corporation, and DOES 1-10, inclusive,
15
       Defendants.
16

WHEREAS, plaintiff Carmen Tygard and defendant Western Dental Services, Inc. are engaged in discovery that may require the production of documents that are believed to contain or disclose confidential personal, technical, business or financial information, as contemplated by Federal Rule of Civil Procedure 26(c).

THEREFORE, the parties stipulate to, and apply jointly to the Court for, entry of this Protective Order as follows:

1.  This Protective Order shall govern any designated record of information produced in this action, including all designated deposition testimony, interrogatory answers, documents (including, without limitation, computer and electronic files), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery).

2.  Each party shall have the right to designate as confidential and subject to this Protective Order any information, document, or portion of any documents produced by him, her or it in this litigation which contains confidential personal, technical, business, or financial information. This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be designated as CONFIDENTIAL under this Protective Order. With respect to all materials provided by one party for inspection by another party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection shall be treated as though

1  designated as CONFIDENTIAL at the time of the inspection.

2

3      3.   Each party and all persons bound by the terms of this Protective Order shall use any information or document designated as CONFIDENTIAL only for the purpose of prosecution or defense of this action. No such party or other person shall use any information designated as CONFIDENTIAL for any purpose other than the prosecution or defense of this action. The attorneys of record for the parties shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to persons to whom disclosure of such information and documents is authorized by this Protective Order.

      4.   Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated CONFIDENTIAL may be disclosed only to counsel of record and their secretarial and legal assistants. Documents or information designated CONFIDENTIAL may be also disclosed, on a need-to-know basis only and subject to Paragraph 5 of this Protective Order, to: (i) the parties; (ii) employees of the parties; (iii) any witness necessary in the defense or prosecution of this action; and (iv) consultants and experts retained by the parties or their attorneys for purposes of this litigation (including, without limitation, persons engaged in the scanning, copying, and/or coding of such information or documents).

      5.   In no event shall any information or documents designated as CONFIDENTIAL be disclosed to any person other than persons employed by the Court, who are necessary for the handling of the litigation, parties (or the designated representative of a party), the parties' counsel and their secretarial, law clerks, and legal assistants pursuant to Paragraph 4 of this Protective Order until such person has executed a written confidentiality agreement acknowledging and agreeing to be bound

by the terms of this Protective Order, and consenting to be subject to the personal jurisdiction of the United States District Court for the Central District of California for any proceeding relating to enforcement of this Protective Order, in the form set forth in Exhibit A hereto. The parties are under no obligation to exchange with one another the executed acknowledgements.

6. Documents and information designated CONFIDENTIAL may also be disclosed, without need for a written acknowledgement as provided in Paragraph 5 to any court reporter, videographer, or interpreter acting in that capacity in this action.

7. Documents and information designated CONFIDENTIAL shall include (i) all copies, extracts, and complete or partial summaries prepared from such documents or information; (ii) portions of deposition transcripts and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; (iii) portions of briefs, memoranda, or any other writing filed with the Court and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; and (iv) deposition testimony designated in accordance with Paragraph 8. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

8. Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (1) before or immediately after the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume conspicuously labeled CONFIDENTIAL by the reporter, as appropriate, or (2)

by written notice to the reporter and all counsel of record, given within ten (10) days after the transcript is received by the witness or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. The designating party shall have the right to exclude the following persons from a deposition before taking of testimony which the designating party designates as CONFIDENTIAL subject to this Protective Order: all persons except the court reporter, videographer, translator, counsel of record, the deponent, the parties (or the designated representative of a party), and any consultant or expert retained for purposes of this litigation.

9. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel for a party from disclosing a document, whether designated as CONFIDENTIAL, to any employee, officer, or director of the party who produced the document or information so designated.

10. Any party may mark any documents or information designated as CONFIDENTIAL as an exhibit to a deposition and examine any witness thereon, provided (i) the witness previously has executed a written confidentiality agreement in the form of Exhibit A hereto, (ii) the exhibit and related transcript pages receive the same type of confidentiality designation as the original document, (iii) there is reason to believe this witness has knowledge or information to which such designated material is relevant, and (iv) the witness is entitled to see the document pursuant to the terms of this Protective Order.

11. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. The burden of

persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

12. Upon final termination of this action, including all appellate proceedings, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all material designated as CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any materials that contain or constitute attorney's work product may be destroyed rather than returned. Proof of such destruction, in the form of a declaration under oath by a person with personal knowledge of the destruction, will be supplied by each party to all counsel of record.

13. No part of the restrictions imposed by this Protective Order may be terminated, except by an order of this Court. The termination of this action shall not terminate this Protective Order.

14. This Protective Order may be amended and exceptions may be made only by order of the Court.

15. Nothing contained in this Protective Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

Dated: December 23, 2014        BARRITT SMITH LLP

By: _____
Douglas A. Barritt
Attorneys for Defendant
WESTERN DENTAL SERVICES, INC.

Dated: December 22, 2014        CLARK EMPLOYMENT LAW, APC

By: _____
Tyler F. Clark
Attorneys for Plaintiff
CARMEN TYGARD

# EXHIBIT A TO STIPULATED PROTECTIVE ORDER
# ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER
# AND CERTIFICATE OF COMPLIANCE

I certify that I have received and carefully read a copy of the Stipulated Protective Order in the above-captioned case and that I fully understand the terms of the Court's Order. I recognize that I am bound by the terms of this Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California for any proceedings involving the enforcement of that Order.

I declare under penalty of perjury pursuant to the laws of the United States and California that the foregoing is true and correct. Executed this _____ day of _____, at _____, _____.

Name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

Signature:

BARRITT SMITH LLP
3 CORPORATE PARK, SUITE 150
IRVINE, CALIFORNIA 92606

## ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT the terms of the Protective Order as described in the Stipulation between Plaintiff Carmen Tygard and defendant Western Dental Services, Inc. in paragraphs 1 through 15 above shall be entered as the Order of the Court and be binding upon the parties and signatories to Exhibit "A" above.

DATED: December 29, 2014

_____
Hon. Robert N. Block
United States Magistrate Judge